IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LENDRO MICHAEL THOMAS, #40765-037　*
　　　　Petitioner,
　v.　　　　　　　　　　　　　　　*　CIVIL ACTION NO. JFM-14-860
　　　　　　　　　　　　　　　　　　CRIMINAL NO. JFM-03-189
UNITED STATES OF AMERICA　　　*
　　　　Respondent.
　　　　　　　　　　　　　　*****

MEMORANDUM

Subsequent to a jury trial, on June 16, 2004, Leandro Michael Thomas ("Thomas") was found guilty of counts of drug possession/distribution and firearms possession in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. §§ 922(g)(1) & 924(c). He was sentenced to a total 204-month term, with a cumulative 4-year period of supervised release, and ordered to pay a special assessment of $400.00. Judgment was entered on May 2, 2005. *See United States v. Thomas*, Criminal No. JFM-03-0189 at ECF No. 61. The judgment was affirmed by the United States Court of Appeals for the Fourth Circuit on July 11, 2006. *See United States v. Thomas*, 189 Fed. App'x. 219 (4th Cir. 2006).

On July 11, 2007, Thomas filed his first motion to vacate under 28 U.S.C. § 2255, which was voluntarily withdrawn on August 31, 2007. *See United States v. Thomas*, Criminal No. JFM-03-0189 at ECF Nos. 72, 74 & 75. On October 9, 2007, Thomas filed another § 2255 motion, supported by memorandum. *Id*. at ECF Nos. 78 & 79. The motion was fully briefed and denied by the undersigned on April 30, 2008. *Id*. at ECF Nos. 81-82, & 85-87. The judgment was affirmed by the Fourth Circuit on January 5, 2009. *See United States v. Thomas*, 305 Fed. App'x. 960 (4th Cir. 2009).

On May 2, 2011, Thomas filed another § 2255 motion, which was summarily dismissed

without prejudice on May 16, 2011. *See United States v. Thomas*, Criminal No. JFM-03-0189 at ECF Nos. 109-111. On October 5, 2011, Thomas's appeal was dismissed by the Fourth Circuit and a certificate of appealability was denied. *See United States v. Thomas*, 448 Fed. App'x. 410 (4th Cir. 2011).

On March 20, 2014, Thomas filed his most recent self-represented § 2255 motion. *See United States v. Thomas*, Criminal No. JFM-03-0189 at ECF No. 155. Generously construing the document, Thomas challenges the career offender level used to sentence him. He seemingly claims that a state court conviction used as a predicate offense (robbery with a deadly weapon) to enhance his federal sentence to career offender status, was applied in "an inconsistent nature," given that he pled guilty in state court to theft. He invokes the Supreme Court opinion of *Descamps v. United States*, --- U.S. ---, 133 S.Ct. 2276 (2013)[1] to support his claim and appears to request that his sentence be vacated and that he be re-sentenced without the enhancement.

Insofar as the motion raises an attack on Thomas's sentence, the challenge amounts to a successive motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. *See Swain v. Pressley*, 430 U.S. 377-78 (1977); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). A "second or successive" petition for relief under § 2255 may not be filed in a district court unless the petitioner first obtains the "gatekeeping" authorization of the court of appeals certifying that the petition conforms to specified statutory requirements. *See* 28 U.S.C. §§ 2255, 2244(b)(3)(A). The Fourth Circuit must

---

[1] *See Descamps v. United States,* ––– U.S. –––, 133 S.Ct. 2276 (June 20, 2013) (clarifying the test for determining whether a prior conviction constitutes a violent felony under the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(2)(B)(ii). Federal sentencing courts may no longer apply a "modified categorical approach" to determine whether prior offense was a violent felony when the crime has a single, indivisible set of elements). The Supreme Court has not, however, declared *Descamps* retroactive on collateral review.

2

first enter an order authorizing this court to consider the successive filing before this court can examine the merit of his claims. *See* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651 , 664 (1996).

Powell has been specifically denied relief under § 2255 in a previous motion to vacate. It does not appear that he has complied with this "gatekeeper" provision and received Fourth Circuit authorization, and this court is therefore without jurisdiction to consider another § 2255 request. *See Evans v. Smith*, 220 F.3d 206, 325 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc). Since Thomas has failed to comply with the procedural conditions of 28 U.S.C. § 2244 for a second or successive petition pursuant to § 2255, his motion to vacate shall be dismissed without prejudice pursuant to 28 U.S.C. § 2244(b)(3).

The Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are comprehensive. The Clerk shall provide a packet of instructions promulgated by the Fourth Circuit which addresses the procedure to be followed should Thomas wish to seek authorization in the appellate court to file a successive § 2255 petition. It is to be emphasized that Thomas must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

Thomas has no absolute entitlement to appeal the denial of his § 2255 motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at §2253(c)(2). Stewart "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed

further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). The court declines to issue a certificate of appealability because Thomas has not made the requisite showing. A separate Order follows.


Date: March 31 2014                     __/s/_____
                                        J. Frederick Motz
                                        United States District Judge