IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LENDRO MICHAEL THOMAS
    *Petitioner*,

v.

UNITED STATES OF AMERICA,
    *Respondent*.

Criminal No. ELH-03-00189
Related Civil No. ELH-18-2667

**MEMORANDUM**

Lendro Thomas, Petitioner, filed a petition under 28 U.S.C. § 2255(f)(3). ECF 178. The government opposes the Petition. ECF 180. Thomas did not reply.

No hearing is necessary to resolve the Petition. *See* 28 U.S.C. § 2255(b). For the reasons that follow, I shall dismiss the Petition, without prejudice.

### I. Background

On June 16, 2004, a jury in the District of Maryland convicted Thomas of the following offenses: possession with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 841(a)(1); distribution of heroin, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g).

Sentencing was held on April 29, 2005. *See* Docket. Judge J. Frederick Motz, to whom the case was then assigned,[1] determined that Petitioner's two prior Maryland convictions for robbery with a deadly weapon, one in 1983 and the other in 1992, qualified as crimes of violence for purposes of the career offender provisions of the United States Sentencing Guidelines

---

[1] This case was reassigned to me on August 28, 2018. *See* Docket.

("U.S.S.G."). Judge Motz sentenced Thomas to concurrent terms of 144 months' imprisonment as to Counts One, Two, and Four, and to a mandatory, consecutive term of 60 months imprisonment as to Count Three, for a total sentence of 204 months (17 years) imprisonment. ECF 61 (Judgment).

On direct appeal, Thomas argued, *inter alia*, that the district court erred in sentencing him as a career offender. The Fourth Circuit disagreed and upheld Petitioner's convictions and sentence. *United States v. Thomas*, 189 F. App'x 219, 225 (4th Cir. 2006) (per curiam).

Petitioner filed a motion to vacate under 28 U.S.C. § 2255 on October 9, 2007 (ECF 78), supported by a memorandum of law. ECF 79.[2] By Memorandum and Order of April 30, 2008, Judge Motz denied that motion, and granted a Certificate of Appealability. ECF 92. On January 5, 2009, the United States Court of Appeal for the Fourth Circuit affirmed the District Court. ECF 93; *see United States v. Thomas*, 305 Fed. App'x 960 (4th Cir. 2009).

Then, on May 2, 2011, Thomas filed another motion to vacate, pursuant to 28 U.S.C. § 2255. ECF 109. In a Memorandum and Order of May 16, 2011, Judge Motz denied the petition as an unauthorized successive petition. ECF 110; ECF 111. Thomas moved for a Certificate of Appealability. ECF 115. By Order of June 21, 2011, Judge Motz denied that motion. ECF 116.

Thomas noted an appeal to the Fourth Circuit. ECF 112. And, by judgment of October 5, 2011, the Fourth Circuit denied the Certificate of Appealability and dismissed the appeal. ECF 119; *see United States v. Thomas*, 448 Fed. App'x 410 (4th Cir. 2011).

On March 20, 2014, Petitioner filed yet another § 2255 petition. ECF 155. He challenged the career offender level used to sentence him, claiming that his 1983 Maryland conviction for

---

[2] Thomas filed his first motion under § 2255 on July 11, 2007. ECF 72. But, he voluntarily withdrew it on August 31, 2007. ECF 74.

robbery with a deadly weapon was improperly used as a predicate offense for enhancement of his federal sentence under the career offender guidelines. To support his claim that his sentence should be vacated and that he should be resentenced without the career offender enhancement, Petitioner relied on the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013). By Memorandum and Order of March 31, 2014, Judge Motz dismissed Petitioner's § 2255 petition without prejudice, based on Petitioner's failure to comply with the procedural conditions set out by 28 U.S.C. § 2244 for a second or successive § 2255 petition. ECF 156; ECF 157. Judge Motz also declined to issue a certificate of appealability.

Petitioner filed a fifth § 2255 motion on June 21, 2016. ECF 170. He supplemented it on July 12, 2016. ECF 171. That motion was dismissed upon request of defense counsel on February 26, 2018. ECF 172; ECF 173.

On August 27, 2018, Petitioner filed a *pro se* Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF 178), which is now pending. He again challenges the validity of his sentence, asserting that his Maryland conviction for robbery with a deadly weapon was improperly used as a predicate crime of violence for purposes of the career offender enhancement. *Id.*

Thomas contends that he is entitled to relief pursuant to the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). According to Thomas, his conviction in 1983 under former Article 27, § 488 of the Maryland Annotated Code, for robbery with a deadly weapon, was rendered ineligible for sentencing enhancement purposes because *Johnson* and *Dimaya* invalidated the residual clause language defining crimes of violence, as used in § 4B1.2(a)(2) of the United States Sentencing Guidelines.

## II. Discussion

### A.

Thomas argues that his Maryland State conviction for robbery with a deadly weapon was improperly considered as a predicate crime of violence for purposes of the career offender enhancement. ECF 178. However, as the facts reflect, the underlying petition constitutes a successive challenge under 28 U.S.C. § 2255.

Section 2255 of 28 U.S.C. §2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

A successive petition for relief may not be filed in the District Court unless the petitioner first obtains authorization from the appropriate Court of Appeals, certifying that the petition complies with certain statutory requirements. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). *See also In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Therefore, Petitioner must obtain an order from the Fourth Circuit authorizing this Court to consider his successive petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Selzer v. Turpin*, 518 U.S. 651, 664 (1996).

There is no indication that Thomas has obtained the requisite authorization. Accordingly, this Court may not consider his § 2255 petition. *See Evans v. Smith*, 220 F.3d 206, 325 (4th Cir. 2000); *In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

### B.

Even assuming, *arguendo*, that the Petition is not an unauthorized successive one, Petitioner's claim lacks merit.

4

In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court ruled that the advisory sentencing guidelines "are not subject to a vagueness challenge under the Due Process Clause and [U.S.S.G.] § 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 895. As the Supreme Court recognized, the sentencing guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892.

Notably, the *Beckles* Court did not extend its ruling in *Johnson* to the residual clause within U.S.S.G. § 4B1.2(a) which defines the term "crime of violence" with respect to the career offender designation. The *Beckles* Court distinguished sentencing enhancements based on the advisory guidelines provisions from those based on mandatory sentencing statutes, noting that unlike the Armed Career Criminal Act, 18 U.S.C. § 924(e), "the advisory Guidelines do not fix the permissible range of sentences." *Id.* at 892.

In this case, Petitioner was not found to be an armed career criminal, which was at issue in *Johnson*. Nor has he challenged the illegal reentry statute, 18 U.S.C. § 16, which was at issue in *Dimaya*. *Johnson* and *Dimaya* are inapplicable with respect to the career offender designation under U.S.S.G.

Petitioner's Section 924(c) conviction was predicated upon two drug trafficking crimes – possession with intent to distribute cocaine and heroin under 21 U.S.C. § 841, and distribution of heroin under 21 U.S.C. § 841. *See* ECF 1 (Indictment). *Johnson* and *Dimaya* do not govern the definition of a drug trafficking crime. *See* 18 U.S.C. § 924(c)(2); *see also United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016) (denying *Johnson*-based challenge to § 924(c) conviction because it was predicated on both drug trafficking and a crime of violence); *United States v. Johnson*, 2018 WL 2063993, at *3 (D.S.C. May 3, 2018) (stating that "the Supreme Court's holding in *Dimaya* has no effect on convictions for § 924(c) based on drug trafficking crimes").

In any event, in *United States v. Bell*, 901 F.3d 455, 468-72 (4th Cir. 2018), the Fourth Circuit concluded that a Maryland State conviction for robbery with a dangerous and deadly weapon constitutes a violent felony based on the definition of a violent felony within the force clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See also United States v. Redrick*, 841 F.3d 478 (D.C. Cir. 2016).[3]

### III. Certificate of Appealability

Unless a certificate of appealability ("COA") is issued, a petitioner may not appeal the lower court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Thomas has not made a substantial showing of the denial of his constitutional rights. Therefore, this Court will not issue a COA. However, the denial of a COA does not preclude Thomas from seeking a COA from the Fourth Circuit.

Moreover, Thomas must obtain leave to file a successive petition in order for this Court to consider his latest § 2255 Petition. Therefore, the Court will direct the Clerk to provide Petitioner with instructions and a form packet to seek authorization for the filing a successive petition.

---

[3] The government also asserts that the Petition is untimely under 28 U.S.C. § 2255(f). In light of my disposition, I need not address this issue.

An Order follows, consistent with this Memorandum.


Date: February 5, 2019           /s/
                                 Ellen L. Hollander
                                 United States District Judge