IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LENDRO MICHAEL THOMAS

   *Petitioner*,

v.

UNITED STATES OF AMERICA,

   *Respondent*.

Criminal No. ELH-03-00189
Related Civil No. ELH-18-2667

**MEMORANDUM**

This Memorandum resolves a "Motion To Dismiss" filed by Lendro Thomas, Petitioner. ECF 189. The Motion is, in actuality, a successive petition for post-conviction relief. The government opposes the motion. ECF 201.

No hearing is necessary to resolve the Motion. For the reasons that follow, I shall deny the Motion.

### I. Procedural and Factual Background[1]

On April 17, 2003, Thomas was charged in a four-count Indictment. ECF 1. In particular, he was charged with possession with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 841(a)(1) (Count One); distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) (Count Two); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three); and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Four).

---

[1] Due to the age of the case, some of the pleadings are not electronically available. The first pleading available through CM/ECF is at ECF 93, dated January 5, 2009. However, I have obtained the Chambers file retained by Judge Motz.

According to the Indictment, the § 924(c) charge in Count Three was predicated on two offenses: possession with intent to distribute cocaine and heroin, as charged in Count One, and distribution of heroin, as charged in Count Two. *See* ECF 1 (Indictment). Those counts were rooted in an undercover operation in which Petitioner, armed with a handgun, sold heroin to an undercover officer.

The case proceeded to trial in June 2004 before Judge J. Frederick Motz.[2] On June 14, 2004, Petitioner was found guilty by a jury on all four counts. On April 29, 2005, Judge Motz sentenced Petitioner to concurrent terms of imprisonment of 144 months as to Counts One, Two, and Four, and 60 months, consecutive, as to Count Three. This resulted in a total sentence of 204 months' imprisonment. ECF 61. Petitioner's conviction and sentence were affirmed on appeal. *United States v. Thomas*, 189 F. App'x 219, 226 (4th Cir. 2006).

On July 11, 2007, Petitioner filed his first Motion to Vacate under 28 U.S.C. § 2255, which was voluntarily withdrawn on August 31, 2007. *See* ECF 72; ECF 74; ECF 75. Petitioner filed a second § 2255 Motion on October 9, 2007. ECF 78; ECF 79. That Motion was fully briefed and denied by the District Court on April 30, 2008. ECF 81; ECF 82; ECF 85; ECF 86; ECF 87. On January 5, 2009, the Fourth Circuit affirmed the District Court's judgment as to Petitioner's second § 2255 Motion. *See United States v. Thomas*, 305 Fed. App'x 960 (4th Cir. 2009).

Petitioner filed a third § 2255 Motion on May 2, 2011. ECF 109; ECF 110. On May 16, 2011, that Motion was summarily dismissed, without prejudice. ECF 111. The Fourth Circuit dismissed Petitioner's appeal on October 5, 2011, and denied a certificate of appealability. *See United States v. Thomas*, 448 Fed. App'x 410 (4th Cir. 2011).

---

[2] The case was reassigned to me on August 28, 2018, due to the retirement of Judge Motz. *See* Docket.

On March 20, 2014, Petitioner filed a fourth § 2255 Motion. ECF 155. In that Motion, Petitioner challenged his career offender status, claiming that his 1983 Maryland conviction for robbery with a deadly weapon was improperly used as a predicate offense for enhancement of his federal sentence. In that motion, Petitioner relief on the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013), to support the claim that his sentence should be vacated and he should be resentenced without the career offender enhancement.[3] On March 31, 2014, the court dismissed Petitioner's fourth § 2255 Motion, without prejudice, based on Petitioner's failure to comply with the procedural conditions set out by 28 U.S.C. § 2244 for a successive § 2255 petition. ECF 156; ECF 157. The court also declined to issue a certificate of appealability. *Id.*

On June 21, 2016, Petitioner filed a fifth § 2255 Motion. ECF 170. He filed a supplement on July 12, 2016. ECF 171. That motion was dismissed on February 26, 2018 (ECF 173), pursuant to the request of Thomas's attorney. ECF 172.

Petitioner filed a "Petition for Relief pursuant to 18 U.S.C. § 3582(c)(2) (782 Amendment)" on June 21, 2018. ECF 176. After briefing by the parties, I denied that motion on December 3, 2018. ECF 183.

On August 27, 2018, Petitioner, again self-represented, filed his sixth § 2255 motion, challenging the validity of his sentence. He claimed that his Maryland conviction for robbery with a deadly weapon no longer qualifies as a predicate crime of violence for purposes of the career offender enhancement, in light of the Supreme Court's decisions in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204 (2018).

---

[3] *Descamps* reiterated the test for determining whether a prior conviction constitutes a violent felony under the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(2)(B)(ii). A federal sentencing court may not apply a "modified categorical approach" to determine whether a prior offense constitutes a violent felony when the crime has a single, indivisible set of elements.

ECF 178. Following briefing, the Court issued a Memorandum and Order docketed February 1, 2019 (ECF 184; ECF 185), dismissing Petitioner's sixth § 2255 motion as successive and without merit.

On June 6, 2019, Petitioner filed a motion requesting dismissal of his conviction under 18 U.S.C. § 924(c), in light of *United States v. Davis*, which was then pending in the Supreme Court. ECF 186. By Order of June 10, 2019 (ECF 187), the Court denied ECF 186 as premature, because *Davis* had not yet been decided.

On June 24, 2019, the Supreme Court rendered its decision in *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019). It ruled that the residual clause contained in the definition of crime of violence at 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. *Davis*, 139 S. Ct. 2319, 2336.

Then, on July 12, 2019, Thomas filed a "Motion To Dismiss" as to Count Three of his Indictment, based on *Davis*. ECF 189 (the "Motion").[4] The government opposes the Motion. ECF 200; ECF 201.[5] It points out that Petitioner's conviction under 18 U.S.C. § 924(c) was based on two drug trafficking crimes: possession with intent to distribute cocaine and heroin, as charged in Count One, and distribution of heroin, as charged in Count Two. Because the § 924(c) conviction is supported by two drug trafficking crimes, rather than crimes of violence, the government contends that Petitioner is not eligible for relief under *Davis*. ECF 200 at 4-5.

---

[4] On November 4, 2019, this Court issued a letter Order directing the Government to respond to Petitioner's Motion to Dismiss by November 25, 2019. ECF 197. The Government explains that it did not become aware of the Court's November 4th Order until December 11, 2019. On that date, it filed the response. *See* ECF 201 at 4 n.3.

[5] ECF 200 and ECF 201 appear to be identical.

Furthermore, the government contends that Petitioner's motion to dismiss based on *Davis* (ECF 186 and ECF 189) should be denied as a successive § 2255 motion. ECF 200 at 5-7.

## II. Discussion

### A.

Ordinarily, a federal prisoner must bring a collateral attack on the legality of his conviction or sentence through a motion to vacate under 28 U.S.C. § 2255. Although Petitioner labels the instant filing as a "Motion To Dismiss," the label is not determinative; the motion is properly characterized as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See Swain v. Pressley*, 430 U.S. 377-78 (1977); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. §2255, Congress imposed "stringent limitation[s] on a federal prisoner's ability to bring a 'second or successive' post-conviction motion pursuant to § 2255." *United States v. Emanuel*, 288 F.3d 644, 647 (4th Cir. 2002). First, the AEDPA requires that a successive § 2255 motion "must be certified…by a panel of the appropriate court of appeals…" 28 U.S.C. § 2255(h); *see also United States v. Poole*, 531 F.3d 263, 266 n.4 (4th Cir. 2008). Second, the court of appeals may only certify a successive § 2255 motion if the petitioner (1) has newly discovered evidence or (2) relies "on a new rule of constitutional law that the Supreme Court has made retroactively applicable to collateral proceedings." *Emmanuel*, 288 F.3d at 647; *see also* 28 U.S.C. § 2255(h).

Under 28 U.S.C. § 2255(h), the United States Court of Appeals for the Fourth Circuit must certify Thomas's entitlement to file a successive petition under 28 U.S.C. § 2255. Section 225(h) states:

> A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate Court of Appeals to contain – (1) newly discovered evidence that, if proven in view of in light of the evidence as a whole, would be sufficient to establish a clear and convincing evidence that no reasonable fact finder

5

would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner has not satisfied the threshold requirement for a successive Petition. Without the requisite pre-filing authorization, "the district court lacks jurisdiction to consider a [successive] application…" *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Accordingly, before the district court may examine a successive motion on the merits, the Court of Appeals must first enter an order authorizing the district court to consider the successive petition. *See* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

As outlined earlier, Petitioner was denied relief under § 2255 on several prior occasions. It is clear that he cannot satisfy the threshold requirements of § 2255(h)(2) for a successive § 2255 motion, because he has not obtained authorization from the Fourth Circuit for the filing of a successive petition. As a result, this Court lacks the authority to consider the motion for relief. *See Evans v. Smith*, 220 F.3d 206, 325 (4th Cir. 2000); *In re Vial*, 115 F.3d at 1194-95.

Even if the Court were able to consider the merits, however, plaintiff would not prevail.

**B.**

Section § 924(c) of 18 U.S.C. prohibits using or carrying a firearm "during and in relation to," or possession of a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines a crime of violence as "an offense that is a felony" and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Subsection (A) of § 924(c)(3) is referred to as the "force clause" or "elements clause." Subsection (B) is commonly referred to as the "residual clause."

Section 924(c)(2) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.) or chapter 705 of title 46." 18 U.S.C. § 924(c)(2).

In *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019), the Supreme court held that the residual clause in § 924(c)(3)(B) is unconstitutionally vague. *Id.* at 2336. However, the ruling in *Davis* had no impact on the definition of a drug trafficking crime contained in § 924(c)(2). As the government puts it, ECF 201 at 5, "the subsection concerning drug trafficking crimes in § 924(c)(2) remained intact following the *Davis* ruling."

Petitioner's § 924(c) conviction was predicated on a "drug trafficking crime, as described in § 924(c)(2), rather than a "crime of violence," as defined in § 924(c)(3). Therefore, the conviction in Count Three is not impacted by *Davis*. As a result, Thomas is ineligible for relief under *Davis*. *See*, *e.g.*, *United States v. Hare*, 820 F.3d 93, 105-06 (4th Cir. 2016) (upholding § 924(c) conviction where the conviction was based on both a drug trafficking crime and a crime of violence); *see also Moore v. United States*, 2019 WL 6130460, at *2 (W.D.N.C. Nov. 18, 2019) (denying *Davis* relief where defendant's § 924(c) conviction was predicated on a drug trafficking crime rather than a crime of violence); *United States v. Boyce*, 2019 WL 4016193, at *5 (D.S.C. Aug. 26, 2019) (same).

In sum, *Davis* has no bearing on the validity of Petitioner's two prior drug trafficking offenses as § 924(c) predicates. Moreover, this Court previously considered Petitioner's claim that his § 924(c) conviction is no longer valid in light of the defect in the residual clause of § 924(c)(3)(B). *See* ECF 184 at 5 ("Petitioner's Section 924(c) conviction was predicated upon two drug trafficking crimes – possession with intent to distribute cocaine and heroin under 21 U.S.C. § 841, and distribution of heroin under 21 U.S.C. § 841. *Johnson* and *Dimaya* do not govern the

7

definition of a drug trafficking crime"). Thus, Petitioner's case falls outside the scope of cases authorized for filing of a successive petition.

## II.     Certificate of Appealability

Unless a certificate of appealability ("COA") is issued, a petitioner may not appeal the lower court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Thomas has not made a substantial showing of the denial of his constitutional rights. Therefore, this Court will not issue a COA. However, the denial of a COA does not preclude Thomas from seeking a COA from the Fourth Circuit.

An Order follows, consistent with this Memorandum.

Date: March 26, 2020                             /s/
                                                Ellen L. Hollander
                                                United States District Judge